IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Damon Lemont Jackson, #210638, | ) | C/A No.: 1:13-3380-MGL-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Dennis Bush, Warden of Lee | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Damon Lemont Jackson is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections who filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on the following motions: (1) Respondent's motion for summary judgment and return [ECF Nos. 28, 29]; and (2) Petitioner's motion for summary judgment [ECF No. 32]. The motions having been fully briefed [ECF No. 33], they are ripe for disposition.

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that the court grant Respondent's motion for summary judgment and deny Petitioner's motion for summary judgment.

I.    Factual Background

On November 10, 2003, Deborah Brown, a confidential informant working for the City of Columbia, South Carolina police department, was instructed by Officer Babin to take a cab to several apartment complexes in the area to see if she could purchase narcotics.

[ECF No. 29-1 at 120–22, 126–32, 153–54, 177–80]. Ms. Brown was wearing surveillance equipment that recorded the video and audio of her interactions that day. *Id.* at 128–30, 155. When she arrived at the Hammond Village apartment complex, she approached Petitioner and asked him if he had any crack cocaine or marijuana. *Id.* at 153–58. She asked Petitioner to give her $20 worth of crack cocaine, and she gave Petitioner $20 and he gave her a piece of crack cocaine. *Id.* at 157–60, 162–63. After the exchange, Petitioner wrote his name and phone number on Ms. Brown's hand. *Id.* at 160.   When Ms. Brown finished her final drug transaction of the day, she took a taxi and met with Officers Babin and Sheard. *Id.* at 168. Ms. Brown gave Officer Sheard the crack cocaine she purchased and provided him with a description of the individual from whom she bought the crack cocaine. *Id.* at 169. Plaintiff saw Petitioner again on December 18, 2003, and she talked with him for approximately one to three minutes. *Id.* at 164, 183. Petitioner wrote down his name and phone number on a card for Ms. Brown. *Id.* A few days later, Plaintiff was shown a six person line up to identify the person who sold her the crack cocaine on the November 10, 2003, video. *Id.* at 165–66. Plaintiff identified Petitioner from the lineup. *Id.* at 166.

II.    Procedural Background

Petitioner was indicted by the Richland County Grand Jury during the May 2005 term of court for (1) distribution of crack cocaine within proximity of school/park (2005-GS-40-4373), and (2) distribution of crack cocaine 3rd offense or more (2005-GS-40-4374). [ECF No. 29-2 at 116–17, 119–20]. Petitioner was initially represented by Joshua Kendrick, Esq., but he requested permission to relieve counsel and

2

to proceed pro se. [ECF No. 29-1 at 11]. The presiding Circuit Court Judge, Reginald I. Lloyd, granted Petitioner's motion to represent himself pro se on September 19, 2005. *Id.* at 11–19.  Petitioner proceeded with a jury trial on September 19–20, 2005. *Id.* at 10 *et seq.* The jury convicted Petitioner as charged. [ECF No. 29-2 at 106]. Judge Lloyd sentenced Petitioner to consecutive terms of 25 years for distribution of crack cocaine and 12 years for distribution of crack cocaine within the proximity of a school. [ECF No. 29-2 at 113–14].

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals ("Court of Appeals"). On appeal, Petitioner was represented by Aileen P. Clare, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed an *Anders*[1] brief on March 12, 2007, raising the following issue: "Did the lower court err by denying appellant's motion to suppress his in-court identification by a state informant, which was based on a suggestive pretrial procedure?" [ECF No. 29-2 at 126]. Attorney Clare certified that the appeal was without merit and asked to be relieved as counsel. *Id.* at 131. Petitioner filed a pro se response to the *Anders* brief, raising the following issues:

---

[1] *Anders v. California*, 386 U.S. 738, 744 (1967), requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.

3

1) Did the state violate the Appellant's Fifth and Fourteenth Amendment right to Due Process of Law in delaying eighteen months before initiation of prosecution and failing to put the Appellant on adequate notice of the evidence against him when the state failed to disclose pertinent documents mandated for disclosure pursuant to Federal and South Carolina Wiretap Statute?

2) The Appellant challenges the admissibility of the Audio and Video recording as being made in violation of Title 1 of the Electronic Communication Privacy Act of 1986, codified at 18 U.S.C. § 2510-21 and the South Carolina Wiretap Statute § 17-30-10 (–) 145. Further, the Appellant moves for suppression of the unlawfully obtained evidence pursuant to the Title 1 Statutory Exclusionary Rule.

3) Did the lower Court error by denying Appellant the right to a last closing argument to the Jury when the Appellant called no witness or offered no evidence in his behalf to relinquish his substantial right to a last closing argument to the Jury?

[ECF No. 29-2 at 138] (errors in original).

On February 12, 2008, the Court of Appeals filed an unpublished decision dismissing the appeal and granting counsel's request to withdraw. [ECF No. 29-2 at 162–63]. The Court of Appeals denied Petitioner's pro se petitions for rehearing on April 18, 2008. [ECF No. 29-5 at 3–13]. Petitioner filed a pro se petition for writ of certiorari on May 28, 2008, raising the following issues:

I. Did the South Carolina Court of Appeals err in holding that the State did not violate the Petitioner's Fifth (5th) and Fourteenth (14th) Amendment rights to due process of law, when the prosecution delayed eighteen (18) months before initiating prosecution and failed to put the Petitioner on adequate notice of the evidence against him, when the prosecution failed to disclose pertinent documents mandated for disclosure pursuant to Title 1 of the Electronic Communication Privacy Act and South Carolina Wiretap statute?

II. Did the South Carolina Court of Appels err in holding that the audio and video recording were validly made in compliance with Title 1 of the Electronic Communication Privacy Act, South Carolina Wiretap Statute, and the evidence was

4

admissible: Thus, denying the Petitioners motion for suppression pursuant to the Title 1 Statutory Exclusionary Rule?

[ECF No. 29-5 at 32] (errors in original). The South Carolina Supreme Court denied certiorari in an order filed December 4, 2008. [ECF No. 29-5 at 44]. The remittitur was issued on December 8, 2008. [ECF No. 29-5 at 45].

Petitioner filed an application for post-conviction relief ("PCR") on February 3, 2009, as amended July 15, 2009, and August 25, 2009, in which he alleged various grounds of ineffective assistance of trial and appellate counsel, equal protection violations, and due process violations. [ECF No. 29-2 at 166–200].

A PCR evidentiary hearing was held before the Honorable Clifton Newman, Circuit Court Judge, on April 14, 2010, at which Petitioner and his PCR counsel, Tommy Thomas, Esq., appeared. [ECF No. 29-3 at 14–93].   On August 30, 2010, Judge Newman issued an order of dismissal. *Id.* at 96–102; ECF No. 29-4 at 3–20]. Petitioner filed a motion for reconsideration on September 10, 2010, which Judge Newman denied on October 3, 2010. [ECF No. 29-4 at 21–38].

Petitioner appealed from the denial of PCR and was represented by Appellate Defender Breen Richard Stevens of the South Carolina Commission of Indigent Defense, Division of Appellate Defense. Attorney Stevens filed a *Johnson* petition for writ of certiorari in the South Carolina Supreme Court on October 5, 2011, and petitioned to be relieved as counsel. [ECF No. 29-8]. The petition raised the following issue: "Whether

5

Petitioner was adequately warned of the dangers and disadvantages of proceeding *pro se* to constitute a knowing, intelligent, and voluntary waiver of his right to counsel ?" *Id.* at 3.

On October 31, 2011, Petitioner filed a pro se brief raising the following issues:

a) Did the PCR court err in finding that the return of Petitioner's indictments was not the product of a Sham Legal Process that failed to confer Subject Matter Jurisdiction upon the trial court, when the State failed to indict Petitioner with a legally established Grand Jury?

b) Did the PCR court err in finding that Petitioner's State and Federal right to Due Process of Law was not violated by the Sham Legal Process in ground (a) above, although the State Constitution mandates that a defendant has a right to demand that a legally established Grand Jury indict him?

c) Did the PCR court err in finding S.C. Code Ann § 44-53-375 (B), the statute Petitioner was convicted under, is not unconstitutionally vague regarding distribution offenses when the amount distributed is less than one gram?

d) Did the PCR court err in "failing to find" Petitioner's sentence for distribution within proximity of a school violates the Equal Protection of Law clause, being S.C. Code Ann § 44-53-445 ascribes a harsher penalty for crack cocaine than any other controlled substance within that statute?

e) Did the PCR court err in "finding" that Petitioner's sentence is not Cruel and Unusual, and his sentence is not grossly disproportionate to the offense committed?

f) Did the PCR court err in "failing to find" that Petitioner's offense for distribution of crack cocaine was unlawfully enhanced to a 3rd offense, in light of evidence that shows he should had been charged with a 2nd offense?

g) Whether Petitioner was adequately warned of the dangers and disadvantages of proceeding pro se to constitute a knowing, intelligent, and voluntary waiver of his right to counsel?

h) Did the PCR court err in finding the trial court did not commit a per se prejudicial violation when the trial judge unjustly had shackles placed on

6

Petitioner's ankles and confined him to his chair, and/or because he was made to wear shackles and conduct his defense from his seat, his ability to represent hisself became substantially impaired and destroyed the jury's perception that he was representing himself?

i)   Did the PCR court err in finding appellate counsel was not ineffective for failing to brief a viable claim on Direct Appeal alleging the trial court's denial of proffered testimony offered by Petitioner prejudiced the defense, when the proffered testimony was sufficiently established before the record, and it could be determined what the testimony was intended to show?

[ECF No. 29-9 at 4] (errors in original).

The Court of Appeals denied the petition on October 21, 2013, and granted counsel's request to withdraw. [ECF No. 29-10].   The remittitur was issued on November 6, 2013. [ECF No. 29-11].

Petitioner filed this federal petition for a writ of habeas corpus on December 2, 2013.  [ECF No. 1].[2]

III.   Discussion

A.     Federal Habeas Issues

Petitioner now asserts he is entitled to a writ of habeas corpus on the following claims:

**Ground One**:        Petitioner alleges his constitutional right to Due Process of Law was violated when the prosecution delayed 18 months to initiate

_____

[2]  The petition was received by the court on December 3, 2013, and docketed on December 4, 2013. [ECF No. 1-6]. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope containing the petition was deposited in the prison mailing system on December 2, 2013. [ECF No. 1-6 at 2].

prosecution; and when the prosecutor failed to put him on adequate notice of the video evidence used to convict him.

Supporting Facts: I was a suspect in a control buy that occurred in November of 2003. After the completion of the control buy, they didn't arrest me, but instead delayed 18 months to initiate prosecution. Additionally, the control buy was the product of an unlawful sting operation, and the officers improper conduct resulted in my defense not being placed on adequate notice of the video evidence used to convict me. Everything coupled together reveals a Due Process violation.

**Ground Two**:       Petitioner alleges his constitutional rights to Due Process of Law was violated when the prosecution used the proceeds of an unauthorized electronic communication to secure his conviction.

Supporting Facts: The officers in my case had received a Court Order to use 'electronic, mechanical, or other devices' to jointly investigate a case with the Federal authorities. Although they knew they didn't have the authorization, probable cause, etc. to employ the devices in other areas outside the case the Court Order was assigned for, they ignored their obligatory duties and used the devices in other areas within their jurisdiction where they suspected drug activity was afoot. Proceeds from the unlawful electronic communication interception was used to secure my conviction.

**Ground Three**:     Petitioner alleges S.C. Code Ann § 44-53-375(B), is unconstitutionally vague in violation of the 14th Amendment U.S. Const.

Supporting Facts: S.C. Code Ann § 44-53-375 (B) doesn't provide proper standards for adjudication for distribution offenses when the amount of drug involved is less than one gram. Due to the sentencing provisions failing to provide proper standards for distribution offenses less than one gram, I have been sentenced for selling an amount of drug I actually didn't distribute; which increased my sentencing exposure.

**Ground Four**:      Petitioner alleges S.C. Code Ann. § 44-53-445 violates the Equal Protection of Law Clause.

8

Supporting Facts: S.C. Code Ann. § 44-53-445 proscribes a harsher penalty for crack cocaine than any other drug that violates the provisions of that statute. There isn't any rational basis to subject crack cocaine offenders to a more severe penalty, thus, my sentence was imposed in violation of the Equal Protection Clause resulting from impermissible discrimination prosecution.

**Ground Five:** Petitioner alleges his sentence violates the 8th Amendment U.S. Const. prohibition against cruel and unusual punishment.

Supporting Facts: I received a total of 37 years for the sell of twenty (20) dollar piece of crack cocaine. My sentence is grossly disproportionate to the offense.

**Ground Six:** Petitioner alleges his sentence for distribution of crack cocaine was unlawfully enhanced to a 3rd offense.

Supporting Facts: I was convicted of an unrelated offense where the terms of that plea stipulated I was pleading to a first offense. Being that offense was a first offense, my current offense should be a second offense. Moreover, the charge I plead to that is the first offense occurred after this current offense. That relates to the undue delay from the officers not arresting me for this charge.

**Ground Seven:** Petitioner alleges he was not adequately warned of the dangers and disadvantages of proceeding pro se. He didn't make a knowingly …, waiver of his right to counsel.

Supporting Facts: I foolishly opted to represent myself. I didn't make the choice with eyes open because I didn't have any training in law to make informed decisions regarding the rules of procedure and other court room protocol to present the adversial testing needed to defend my case. Moreover, before allowing me to represent myself, the trial court didn't inform me I would be shackled and confined to my seat and prevented from standing on equal footing with the State. I didn't do anything to warrant the security measures.

**Ground Eight:** Petitioner alleges his appellate counsel was ineffective for failing to brief a claim on direct appeal concerning the trial court's denial of proffered testimony . . .

Supporting Facts: During the course of my trial, I attempted to call one of the arresting officers to the stand to question him whether a Court Order was required for them to equip the informant with the extraordinary investigative devices that produced the video evidence used against me at trial. The trial judge denied me by telling me a Court Order wasn't needed. The record established what the proffered testimony meant to uncover . . .

**Ground Nine:**    Petitioner alleges the State Court violated his Due Process of Law rights when the courts failed to publish specific findings of fact for every claim presented.

Supporting Facts: At the PCR stage, the court did not provide a fact-specific conclusion of law to the claims I raised. Some claims wasn't addressed at all. I contacted my PCR counsel asking him to ensure all my claims was addressed on the merits. Counsel told me to brief my own Proposed Order and he would submit it to the court. Subsequently, a Rule 59(e), SCRCP motion was filed, but counsel sent my brief asking that it be incorporated instead of submitting a brief addressing the inadequacies of the Order of Dismissal. My counsel, the attorney for the State or the PCR judge didn't comply with their obligatory duties . . .

[ECF No. 1 at 5–20].

B.    Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment

10

stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

     C.     Habeas Corpus Standard of Review

     1.     Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the

11

writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

12

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A).   In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment

13

pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[3] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir. 2000)(internal citations omitted). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal

---

[3] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

habeas corpus review. *State v. McKennedy,* 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "*outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan.*" 559 S.E.2d at 854.   As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted." *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the Court of Appeals.

### b.     Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the state courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker,* 517 F.3d 700, 714 (4th Cir.), *cert. denied,* 555 U.S. 868 (2008). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a

16

petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

4.    Ineffective Assistance of Counsel Claims

To prevail on his ineffective assistance of counsel claim, Petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S.Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131

17

S.Ct. at 788 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 131 S.Ct. at 788. In such circumstances, the "question is not whether counsel's actions were reasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 787. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.,* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)).

> D.     Analysis

>> 1.     Procedurally-Barred Grounds

As an initial matter, Respondent argues that Petitioner procedurally defaulted on all his habeas claims except for his ineffective assistance of appellate counsel claim.   [ECF No. 29 at 31–41]. The undersigned agrees. In Ground One, Petitioner alleges due process violations based on an 18-month delay in initiating prosecution and the prosecutor's failure to put him on adequate notice of the video evidence used against him. [ECF No. 1 at 5]. In Ground Two, Petitioner argues due process violations based on the prosecutor's use of unauthorized electronic communications. *Id.* at 6. In Ground Three, Petitioner argues that

S.C. Code Ann § 44-53-375(B) is unconstitutional. *Id.* at 8.   In Ground Four, Petitioner claims the S.C. Code § 44-53-445 violates the Equal Protection Clause. *Id.* at 10. In Ground Five, Petitioner alleges his sentence violates the Eighth Amendment's bar on cruel and unusual punishment as disproportionate to the offense. *Id.* at 12. In Ground Six, Petitioner alleges his sentence for distributing crack cocaine was unlawfully enhanced to a 3rd offense instead of a 2nd offense. *Id.* at 14. In Ground Seven, Petitioner alleges he was not adequately warned of the dangers of self-representation. *Id.* at 16. In Ground Nine, Petitioner alleges that the PCR court violated his due process rights when it failed to provide fact-specific conclusions of law on his claims. *Id.* at 20.

Petitioner argues that a procedural bar does not prevent consideration of Grounds One, Two, and Seven because the state court did not expressly state that the dismissal of his claims was based on South Carolina's contemporaneous objection rule. [ECF No. 33 at 2–4]. Petitioner further claims that Grounds Three through Six are not defaulted because they were not required to be raised at the trial level. *Id.* at 4. Petitioner concedes that Ground Nine is not a cognizable ground for relief in his habeas petition. *Id.* at 7.[4] Therefore, the undersigned considers Ground Nine as withdrawn.

_____

[4] Ground Nine addresses errors of state law, and therefore fails to state a cognizable habeas claims. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)("[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions"); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.")

Grounds one through six are direct appeal claims that were not preserved at the trial level, and grounds three through seven were not raised in Petitioner's direct appeal. Accordingly, these grounds were not fairly presented to the South Carolina appellate courts and are procedurally barred from federal habeas review. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); *Jenkins v. Bodison*, No. 4:09-cv-0267-GRA, 2010 WL 107398, at *1 (D.S.C. Mar. 18, 2010) (citations omitted) ("[A]n issue may not be raised for the first time on appeal; to preserve an issue for appeal, it must be raised to and ruled upon by the trial court, that is, the trial court must be given an opportunity to resolve the issue before it is presented to the appellate court.").

2.     Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of these claims. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, these claims are procedurally barred from consideration by this court and should be dismissed. *See* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a

defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (finding that in order to show prejudice a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.); *Wainwright*, 433 U.S. at 88–91; *Murray*, 477 U.S. at 496; *Rodriguez*, 906 F.2d at 1159 (a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent") (*citing Murray*); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992); *Bolender v. Singletary*, 898 F.Supp. 876, 881 (S.D. Fla. 1995).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on these claims. Petitioner had a trial in which he raised no objection, had a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues. However, he failed to raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has abandoned the opportunities to preserve these issues.

In the alternative, Petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In order to

21

pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

During the trial, the solicitor presented the facts recited in the Factual Background section above and the jury determined Petitioner was guilty of the distribution of crack cocaine charges. The record makes an assertion of actual innocence not credible. The undersigned finds Petitioner has failed to meet his burden of demonstrating actual innocence, and therefore, the procedural bars apply as to all his claims except the ineffective assistance of appellate counsel claim raised in Ground Eight.

                    3.      Merits Review

In Ground Eight, Petitioner alleges that his appellate counsel was ineffective for failing to brief a claim on direct appeal concerning the trial court's denial of proffered testimony regarding whether a court order was needed to equip the confidential information with surveillance equipment. [ECF No. 1 at 18].

At the PCR hearing, Petitioner's appellate counsel testified that she filed an *Anders* brief and stated that she did not have any independent recollection of Petitioner's case, but must have concluded that there were not any meritorious issues for appeal. [ECF No. 29-3 at 19]. When asked about Petitioner's attempt to proffer testimony concerning the need for court authority to use the surveillance equipment, appellate counsel stated that it was an interesting question that she did not look into, but maybe she should have. *Id.* at 24–25. Appellate counsel indicated that she did not do any legal research on this issue. *Id.* at 25–

22

26. Petitioner testified that he attempted to proffer testimony concerning the use of the video evidence because he believed use of the evidence violated the wiretap statute in that the officers needed a court order to videotape him. *Id.* at 57–58. Petitioner argued that he would have established grounds to have the video evidence suppressed if he had been able to elicit this testimony. *Id.* at 60.

The PCR court found this allegation to be without merit, as follows:

> In the case at hand, the Applicant has failed to prove deficient performance or prejudice on the part of appellate counsel. However, deficient performance is not an issue this Court needs to reach, because even assuming that the court concludes that appellate counsel's performance was deficient, Petitioner has not shown the necessary prejudice to succeed on this claim. In this case, to establish prejudice Petitioner would have to show that the South Carolina Supreme Court would have found prejudicial error warranting reversal of his conviction and/or sentence if appellate counsel had not filed an Anders brief. He has failed to do so. The South Carolina Court of Appeals has held under Anders, . . . [t]he court . . . is obligated to conduct a "full examination" of the record to determine whether the appeal is 'wholly frivolous" . . . . according to Anders, the reviewing court is obligated to make a full examination of the proceedings on its own. *See* State v. Williams, 305 S.C. 116, 406 S.E.2d 357 (1991). After such an examination, if the reviewing court agrees with the attorney, it may dismiss the appeal or proceed to a decision on the merits. *See* Anders. On the other hand, if the court disagrees with the attorney's analysis of the appeal, it must afford the defendant 'the assistance of counsel to argue the appeal. Id. at 744. The purpose of filing a brief under Anders is to ensure the merits of the appeal are not overlooked. The court has to conclude independently, regardless of counsel's conclusion, whether or not the appeal has merit before it can dismiss the appeal. State v. McKennedy, 559 S.E.2d 850, 854-855 (2002). The Applicant filed a pro se response to the Anders appeal, which was reviewed by the Court of Appeals and determined to be without merit. Consequently, the Appellate Court affirmed Applicant's conviction and sentence as imposed by the trial court. Our Supreme Court has recently addressed the issue of ineffective assistance of counsel when there is an Anders brief.
>
> Appellate counsel filed an *Anders* brief, as opposed to a brief

23

> on the merits. Even in this context, when analyzing a claim of
> ineffective assistance of appellate counsel, we apply the
> *Strickland* test. *See Smith v. Robbins*, 528 U.S. 259, 284, 120
> S.Ct. 746, 145 L.E.2d 756 (2000) (finding that even where
> appellate counsel believes his client's appeal is without merit
> and this files an *Anders* brief, the appellant may have been
> entitled to a merits brief and the challenge of appellate
> counsel's performance should be reviewed under *Strickland*).

> Bennett v. State, 383 S.C. 303, 309, 680 S.E.2d 273, 276, n. 6
> (2009)(emphasis added). However, as noted in Bennett, the Supreme Court
> acknowledges (by the use of the form "we") that an appellate court has
> already ruled on and agreed – after full examination of the record" – with
> appellate counsel that there are no issues of arguable merit. Meaning that for
> this Court to rule that appellate counsel's performance was deficient, this
> Court would have to implicitly overrule the appellate court's prior decision
> that the case had no issue of arguable merit, i.e. *vertical stare decisis*.
> Nevertheless, the Applicant failed to satisfy his burden of proof and
> demonstrate that there were any issues of arguable merit and that appellate
> counsel was deficient for failing to brief those supposed issues.

[ECF No. 29-4 at 16–18].

In his response, Petitioner alleges that the officers were required to obtain a court order to use the video recording device they put on the informant. [ECF No. 33 at 33]. Petitioner argues that the PCR court erroneously found that it had no authority to overrule the Court of Appeals's decision to dismiss Petitioner's appeal because the PCR court can review claims of ineffective assistance of counsel when an *Anders* brief is filed. [ECF No. 33 at 33–34].

Petitioner cannot satisfy the *Strickland* test. The court cannot find that there was a substantial likelihood that the result of Petitioner's appeal would have been different had his appellate counsel briefed his claim concerning the trial court's refusal to allow

proffered testimony regarding whether a court order was needed to equip the confidential information with surveillance equipment. The PCR court reasonably found that appellate counsel's failure to raise the video recording issue did not affect the outcome of Petitioner's appeal under *Strickland*. Petitioner has failed to overcome the doubly-deferential standard of review accorded the state court's determination of this issue of ineffective assistance of counsel under *Harrington*. Petitioner has not shown that the state court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable. *See Williams*, 529 U.S. at 410. Based on the foregoing, Petitioner is not entitled to federal habeas relief on this ground, and the undersigned recommends that his petition be dismissed.

IV.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court grant Respondent's motion for summary judgment [ECF No. 28] and deny Petitioner's motion for summary judgment [ECF No. 32].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 20, 2015                          Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*   Fed. R. Civ. P. 6(a), (d).   Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**   28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).