

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| DAMON LEMONT JACKSON,          § | |
|     Petitioner,          § | |
| § | |
| vs.          § | CIVIL ACTION NO. 1:13-3380-MGL-SVH |
| § | |
| DENNIS BUSH, Warden of Lee   § | |
| Correctional Institution,          § | |
| § | |
|     Respondent.          § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and Petitioner's motion for summary judgment be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 20, 2015, and the Clerk of Court entered Petitioner's objections on February 10, 2015. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly

According to Petitioner, he is entitled to relief under § 2254 on the following grounds:

> **Ground One**: Petitioner alleges his constitutional right to Due Process of Law was violated when the prosecution delayed 18 months to initiate prosecution; and when the prosecutor failed to put him on adequate notice of the video evidence used to convict him.
>
> Supporting Facts: I was a suspect in a control buy that occurred in November of 2003. After the completion of the control buy, they didn't arrest me, but instead delayed 18 months to initiate prosecution. Additionally, the control buy was the product of an unlawful sting operation, and the officers improper conduct resulted in my defense not being placed on adequate notice of the video evidence used to convict me. Everything coupled together reveals a Due Process violation.
>
> **Ground Two**: Petitioner alleges his constitutional rights to Due Process of Law was violated when the prosecution used the proceeds of an unauthorized electronic communication to secure his conviction.
>
> Supporting Facts: The officers in my case had received a Court Order to use "electronic, mechanical, or other devices" to jointly investigate a case with the Federal authorities. Although they knew they didn't have the authorization, probable cause, etc. to employ the devices in other areas outside the case the Court Order was assigned for, they ignored their obligatory duties and used the devices in other areas within their jurisdiction where they suspected drug activity was afoot. Proceeds from the unlawful electronic communication interception was used to secure my conviction.
>
> **Ground Three:** Petitioner alleges S.C. Code Ann § 44-53-375(B), is unconstitutionally vague in violation of the 14th Amendment U.S. Const.
>
> Supporting Facts: S.C. Code Ann § 44-53-375 (B) doesn't provide proper standards for adjudication for distribution offenses when the

amount of drug involved is less than one gram. Due to the sentencing provisions failing to provide proper standards for distribution offenses less than one gram, I have been sentenced for selling an amount of drug I actually didn't distribute; which increased my sentencing exposure.

**Ground Four:** Petitioner alleges S.C. Code Ann. § 44-53-445 violates the Equal Protection of Law Clause.

Supporting Facts: S.C. Code Ann. § 44-53-445 proscribes a harsher penalty for crack cocaine than any other drug that violates the provisions of that statute. There isn't any rational basis to subject crack cocaine offenders to a more severe penalty, thus, my sentence was imposed in violation of the Equal Protection Clause resulting from impermissible discrimination prosecution.

**Ground Five:** Petitioner alleges his sentence violates the 8th Amendment U.S. Const. prohibition against cruel and unusual punishment.

Supporting Facts: I received a total of 37 years for the sell of twenty (20) dollar piece of crack cocaine. My sentence is grossly disproportionate to the offense.

**Ground Six:** Petitioner alleges his sentence for distribution of crack cocaine was unlawfully enhanced to a 3rd offense.

Supporting Facts: I was convicted of an unrelated offense where the terms of that plea stipulated I was pleading to a first offense. Being that offense was a first offense, my current offense should be a second offense. Moreover, the charge I plead to that is the first offense occurred after this current offense. That relates to the undue delay from the officers not arresting me for this charge.

**Ground Seven**: Petitioner alleges he was not adequately warned of the dangers and disadvantages of proceeding pro se. He didn't make a knowingly . . ., waiver of his right to counsel.

Supporting Facts: I foolishly opted to represent myself. I didn't make the choice with eyes open because I didn't have any training in law to make informed decisions regarding the rules of procedure and other court room protocol to present the [adversarial] testing needed to defend my case. Moreover, before allowing me to represent myself,

3

the trial court didn't inform me I would be shackled and confined to my seat and prevented from standing on equal footing with the State. I didn't do anything to warrant the security measures.

**Ground Eight:** Petitioner alleges his appellate counsel was ineffective for failing to brief a claim on direct appeal concerning the trial court's denial of proffered testimony . . .

Supporting Facts: During the course of my trial, I attempted to call one of the arresting officers to the stand to question him whether a Court Order was required for them to equip the informant with the extraordinary investigative devices that produced the video evidence used against me at trial. The trial judge denied me by telling me a Court Order wasn't needed. The record established what the proffered testimony meant to uncover . . .

**Ground Nine:** Petitioner alleges the State Court violated his Due Process of Law rights when the courts failed to publish specific findings of fact for every claim presented.

Supporting Facts: At the PCR stage, the court did not provide a fact-specific conclusion of law to the claims I raised. Some claims wasn't addressed at all. I contacted my PCR counsel asking him to ensure all my claims was addressed on the merits. Counsel told me to brief my own Proposed Order and he would submit it to the court. Subsequently, a Rule 59(e), SCRCP motion was filed, but counsel sent my brief asking that it be incorporated instead of submitting a brief addressing the inadequacies of the Order of Dismissal. My counsel, the attorney for the State or the PCR judge didn't comply with their obligatory duties . . .

Petition 5-20.

As a preliminary matter, Petitioner has conceded that Ground Nine is not a cognizable ground for relief under § 2254 because it addresses errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Therefore, the Court will dismiss this claim.

The Magistrate Judge suggests to the Court that Petitioner procedurally defaulted on all of the other claims, except for Ground Eight, his ineffective assistance of appellate counsel claim. The Court agrees.

Grounds One through Six are direct appeal claims, which were not preserved at the state trial court level, and Grounds Three through Seven were not raised in Petitioner's direct appeal. Inasmuch as § 2254 specifically requires that Petitioner present his claims to the states's highest court with authority to decide the issue before this Court can consider it, then Petitioner will generally be barred from raising his claims here.

However, if a federal habeas Petitioner can show both (1)"'cause' for noncompliance with the state rule[,]" and (2)"'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. 527, 533 (1986) (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). But, when a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Nevertheless, because the requirement of exhaustion is not jurisdictional, this Court may also consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner cannot show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, but can demonstrate that a "fundamental miscarriage of justice" has occurred. *Murray v. Carrier*, 477 U.S. 478, 496–97 (1986).

As detailed in the Report, Petitioner is unable to demonstrate either cause and prejudice or that a "fundamental miscarriage of justice" has occurred. *Id.* Thus, Grounds One through Seven are procedurally defaulted. And, as already noted, Petitioner has conceded that Ground Nine is not a

cognizable ground for relief under § 2254. Thus, only Ground Eight remains for consideration on the merits.

In Ground Eight of Petitioner's petition, he claims that his appellate counsel was ineffective for not briefing the appellate court regarding the trial court's decision to disallow proffered testimony as to whether a court order was required to equip the confidential informant with surveillance equipment. The Court is unpersuaded.

To demonstrate ineffective assistance of counsel, Petitioner is required to establish (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

Having reviewed the PCR court's discussion of this issue, the Court is of the firm opinion that "[t]he PCR court reasonably found that appellate counsel's failure to raise the video recording issue did not affect the outcome of Petitioner's appeal under *Strickland* ." Report 25. Moreover, Petitioner has failed to demonstrate "that the state court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable." *Id*. *See Williams v. Taylor*, 529 U.S. 362, 398 (2000) ("[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be

unreasonable.") Consequently, the Court is of the opinion that Petitioner is unable to obtain habeas relief under Ground Eight of his petition.

Although Petitioner's arguments as to why Grounds One through Seven are not procedurally defaulted are not exactly the same arguments that he presented to the Magistrate Judge, the fact remains that they are all procedurally defaulted. And, as discussed above, his claim of ineffective assistance of counsel set forth in Ground Eight is without merit. Therefore, the Court will overrule Petitioner's objections.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED** and Petitioner's motion for summary judgment is **DENIED**. Accordingly, Petitioner's habeas petition is hereby **DISMISSED**.

An order denying relief in a § 2254 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing.

Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

      **IT IS SO ORDERED**.

Signed this 11th day of February, 2015, in Columbia, South Carolina.

                                     s/ Mary G. Lewis
                                     MARY G. LEWIS
                                     UNITED STATES DISTRICT JUDGE

                        *****

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.